# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Sheri Johnson<br>  Debtor(s) | | CHAPTER 13 |
| MIDFIRST BANK<br>  Movant<br>vs.<br>Sheri Johnson<br>  Debtor(s) | | NO. 21-12778 MDC |
| Kenneth E. West<br>  Trustee | | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage is held by the Movant on the Debtor's residence located at 21 Goodrock Road, Levittown, PA 19057.

2. Debtor(s) shall maintain monthly mortgage payments to Movant beginning with the next payment on or about August 1, 2023 per the court approved partial claim and thereafter;

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8.  The provisions of this stipulation range constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9.  The parties agree that a facsimile signature shall be considered an original signature.

Date:  September 8, 2023

/s/ Mark A. Cronin, Esq.
Mark A. Cronin, Esquire
Attorney for Movant

Date: 9/21/23

Brad J. Sadek, Esq.
Attorney for Debtor(s)

No Objection - Without Prejudice to Any
Trustee Rights or Remedies

Date: September 25, 2023

/s/ LeeAne O. Huggins
Kenneth E. West, Esq.
Chapter 13 Trustee

Approved by the Court this 27th day of September, 2023. However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Magdeline D. Coleman