IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 13 |
| **Sherri Johnson,** | : | |
| Debtor. | : | Case No. 21-12778 (PMM) |

## ORDER TO SHOW CAUSE WHY COUNSEL SHOULD NOT BE SANCTIONED

**AND NOW**, upon consideration of the Supplemental Application for Compensation (doc. #115 the "Supplemental Fee Application") filed by counsel for the Debtor, Brad J. Sadek, Esquire (the "Applicant");

AND the Supplemental Fee Application seeking fees in the amount of $1,500.00 for 5.25 hours of work performed from March 12, 2024 through March 29, 2024 (post confirmation), billed at a rate of $335.00 per hour for attorney time and $125.00 per hour for paralegal time;

AND before filing the Supplemental Fee Application, the Applicant having submitted a prior version of this application, seeking supplemental fees for the same work performed during the same time period (doc. #102, the "Prior Application");

AND on April 29, 2024, the Applicant having withdrawn the Prior Application, doc. #114, and filed its replacement -- the current Supplemental Fee Application;

AND the Prior Application having stated that the Applicant and his paralegal worked a total of 4.5 hours during this same time period-- March 12, 2024 to March 29, 2024;

BUT the Prior Application having billed at the rate of $390.00, despite the fact the Applicant's 2016(b) disclosure of compensation having stated a rate of $335.00 per hour, see doc. #1;

AND the withdrawal of the Prior Application having followed notice to the Applicant that the Court would not approve fees stated at a rate higher than the rate disclosed in the

Applicant's 2016(b) unless Applicant provided evidence that a debtor had knowledge of and consented to such an increase. See e.g. doc. #42 in case no. 22-11079;

AND, to reiterate, the Supplemental Fee Application (pending) seeks payment – now stated at the lower rate - for the precise same days and work performed as the Prior Application;

BUT comparison of the Supplemental Fee Application with the Prior Application shows that four (4) of the five (5) entries of work performed were *increased* in the later filed application by a quarter to a half hour;

AND such increase in reported time spent meaning that the calculated and sought fees amount -again- to a total of $1,500.00 sought (i.e. the Applicant asserted in the Supplemental Fee Application that more hours were worked; when multiplied by the lower rate of $335.00 the amount nets to the same $1,500.00 sought in the Prior Application);

BUT comparison of time reported in the Prior Application with the time reported in the Supplemental Fee Application revealing that the information provided by the Applicant is inconsistent and contradictory;

AND Federal Rule of Bankruptcy Procedure 9011 specifies that a representation to the Court shall not be "presented for any improper purpose" and further that "the allegations and other factual contentions have evidentiary support." Fed. R. Bankr. P. 9011 (b)(1) and (b)(3);

AND because it appears that the Applicant may have made a submission to the Court knowing that the information contained therein was not true and accurate; [1]

It is hereby **ordered** that:

1) The **Debtor's counsel must appear** for a hearing on **Thursday, May 23, 2024 at 11:00 a.m.** and **show cause why he should not be sanctioned as having violated**

---

[1] The Court is cognizant that the Applicant withdrew an Application for Compensation in another chapter 13 case (case no. 23-12401) while a hearing to determine the merits of the Application was pending. See doc. #'s 31,33,35.

**F.R.B.P. 9011**. The hearing will take place in Bankruptcy Courtroom No. 1, U.S. Courthouse, 900 Market Street, 2d Floor, Philadelphia, PA 19107; and

2) Counsel for the Debtor must file the representation agreement entered by his law firm and the Debtor on or before **May 13, 2024**.

Dated: 5/1/24

_____
Hon. Patricia M. Mayer
United States Bankruptcy Judge