IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:                                                              :        Chapter 13

**Sherri Johnson,**                                       :

            **Debtor.**              :        Case No. 21-12778 (PMM)

-----------------------------------

### ORDER

**AND NOW** upon consideration of the Supplemental Application for Compensation (doc. #115, amended at doc. #118, "the Application") filed by Brad Sadek, Esq. ("the Applicant"), counsel to the Debtor, in which the Applicant requests the allowance of compensation in the amount of **$1,200.00** for representation of the Debtor from August 14, 2023 through April 5, 2024.

**AND** the Court having entered an Order to Show Cause (doc. #116, the "Show Cause Order") scheduling a hearing to determine if the Debtor's counsel, Brad J. Sadek, should be sanctioned because "it appears that [Mr. Sadek] may have made a submission to the Court knowing that the information contained therein was not true and accurate." Show Cause Order at 1;

**AND**, on May 23, 2024, a hearing having been held with regard to the Show Cause Order and the Application;

**AND**, the Court of Appeals having held that the bankruptcy court "has a *duty* to review fee applications, notwithstanding the absence of objections by the United States trustee . . ., creditors, or any other interested party, a duty which  . . .  derives from the court's inherent

obligation to monitor the debtor's estate and to serve the public interest," In re Busy Beaver Bldg. Centers, Inc., 19 F.3d 833, 841 (3d Cir. 1994) (emphasis in original),

**AND**, the Court of Appeals also having instructed that the bankruptcy courts should not "become enmeshed in a meticulous analysis of every detailed facet of the professional representation [to the point] that the inquiry into the adequacy of the fee assume[s] massive proportions, perhaps even dwarfing the case in chief,"[1]

**AND**, for reasons discussed on the record at the May 23, 2024 hearing;

It is hereby **ORDERED** that:

1. The Show Cause Order is satisfied.

2. The Application is **granted in part and denied in part**.

2. Supplemental compensation is **allowed** in favor of the Applicant in the amount of **$600.00** and **denied** to the extent that the Application seeks additional fees.

3. The Trustee is authorized to distribute to the Applicant the allowed amounts of as an administrative expense pursuant to 11 U.S.C.§§330, 331, 503(b), to the extent such distribution is authorized under the terms of the chapter 13 plan.

**Date: 5/23/24**

*Patricia M. Mayer*

_____
**PATRICIA M. MAYER**
**U.S. BANKRUPTCY JUDGE**

---

[1] Busy Beaver, 19 F.3d at 845 (quoting Lindy Bros. Builders, Inc. v. American Radiator & Std. Sanitary Corp., 540 F.2d 102, 116 (3d Cir. 1976 (en banc)).