United States Bankruptcy Court

Eastern District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 21-12778-pmm |
| Sheri Johnson | Chapter 13 |
|     Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0313-2 | User: admin | Page 1 of 1 |
| Date Rcvd: May 23, 2024 | Form ID: pdf900 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+         Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 25, 2024:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Sheri Johnson, 21 Goodrock Road, Levittown, PA 19057-3418 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).
NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

| | | |
|---|---|---|
| Date: May 25, 2024 | Signature: | /s/Gustava Winters |

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 23, 2024 at the address(es) listed below:

| Name | Email Address |
|---|---|
| BRAD J. SADEK | |
| | on behalf of Debtor Sheri Johnson brad@sadeklaw.com bradsadek@gmail.com;sadek.bradj.r101013@notify.bestcase.com;documents@sadeklaw.com |
| DENISE ELIZABETH CARLON | |
| | on behalf of Creditor MIDFIRST BANK bkgroup@kmllawgroup.com |
| KENNETH E. WEST | |
| | ecfemails@ph13trustee.com  philaecf@gmail.com |
| KENNETH E. WEST | |
| | on behalf of Trustee KENNETH E. WEST ecfemails@ph13trustee.com  philaecf@gmail.com |
| United States Trustee | |
| | USTPRegion03.PH.ECF@usdoj.gov |

TOTAL: 5

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | **Chapter 13** |
| **Sherri Johnson,** | : | |
| Debtor. | : | **Case No. 21-12778 (PMM)** |
| ---------------------------------- | | |

## ORDER

**AND NOW** upon consideration of the Supplemental Application for Compensation (doc. #115, amended at doc. #118, "the Application") filed by Brad Sadek, Esq. ("the Applicant"), counsel to the Debtor, in which the Applicant requests the allowance of compensation in the amount of **$1,200.00** for representation of the Debtor from August 14, 2023 through April 5, 2024.

**AND** the Court having entered an Order to Show Cause (doc. #116, the "Show Cause Order") scheduling a hearing to determine if the Debtor's counsel, Brad J. Sadek, should be sanctioned because "it appears that [Mr. Sadek] may have made a submission to the Court knowing that the information contained therein was not true and accurate." Show Cause Order at 1;

**AND**, on May 23, 2024, a hearing having been held with regard to the Show Cause Order and the Application;

**AND**, the Court of Appeals having held that the bankruptcy court "has a *duty* to review fee applications, notwithstanding the absence of objections by the United States trustee . . ., creditors, or any other interested party, a duty which  . . .  derives from the court's inherent

obligation to monitor the debtor's estate and to serve the public interest," <u>In re Busy Beaver Bldg. Centers, Inc.</u>, 19 F.3d 833, 841 (3d Cir. 1994) (emphasis in original),

**AND**, the Court of Appeals also having instructed that the bankruptcy courts should not "become enmeshed in a meticulous analysis of every detailed facet of the professional representation [to the point] that the inquiry into the adequacy of the fee assume[s] massive proportions, perhaps even dwarfing the case in chief,"[1]

**AND**, for reasons discussed on the record at the May 23, 2024 hearing;

It is hereby **ORDERED** that:

1. The Show Cause Order is satisfied.

2. The Application is **granted in part and denied in part**.

2. Supplemental compensation is **allowed** in favor of the Applicant in the amount of <u>**$600.00**</u> and **denied** to the extent that the Application seeks additional fees.

3. The Trustee is authorized to distribute to the Applicant the allowed amounts of as an administrative expense pursuant to 11 U.S.C.§§330, 331, 503(b), to the extent such distribution is authorized under the terms of the chapter 13 plan.

**Date: 5/23/24**

*Patricia M. Mayer*

**PATRICIA M. MAYER**
**U.S. BANKRUPTCY JUDGE**

---

[1] <u>Busy Beaver</u>, 19 F.3d at 845 (quoting <u>Lindy Bros. Builders, Inc. v. American Radiator & Std. Sanitary Corp.</u>, 540 F.2d 102, 116 (3d Cir. 1976 (en banc)).